UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Jefferson Davis, Jr., | ) C/A No. 2:12-3208-RMG-BM |
| Appellant, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Andrew Taylor; and Naomi Taylor, | ) |
| Appellees. | ) |

This is a *pro se* appeal from orders of September 13, 2012, entered by United States Bankruptcy Judge David R. Duncan in the Adversarial Proceeding in Appellant's Chapter 7 bankruptcy case, *In re, Ronald Jefferson Davis, Jr., Debtor. Andrew Taylor and Naomi Taylor, Plaintiffs v. Ronald Jefferson Davis, Jr., Defendant*, C/A No. 11-07525-DD, Adv. Pro. No. 12-80034-DD (D.S.C.), in the United States Bankruptcy Court for the District of South Carolina. Appellant's "Notice of Appeal Pursuant to 28 U.S.C. § 158" (ECF No. 1) states that Appellant:

> files this Notice of Appeal to the United States District Court for the District of South Carolina from the Order entered September 13th, 2012 denying Debtor's Motion for Rehearing and/or Motion to Reconsider Order and related August 30th, 2012 Order denying Debtor's Motion to Strike Amended Complaint and "False" Certificate of Service.

The record reflects that Judge Duncan issued two docket text orders on September 13, 2012 (C/A No. 12-80034, ECF No. 82, 83), denying Appellant's/Debtor's "Motion for Rehearing and/or Motion to Reconsider Order" (C/A No. 12-80034, ECF No. 78) and denying Appellant's/Debtor's "Motion to Dismiss Complaint" (C/A No. 12-80034, ECF No. 79). In these motions, Appellant/Debtor asked the Bankruptcy Court to reconsider its previous order of August



30, 2012 (C/A No. 12-80034, ECF No. 66), in which the Bankruptcy Court had denied Appellant's/Debtor's "Motion to Strike Amended Complaint and "False" Certificate of Service and to Dismiss Adversary Proceeding" (C/A No. 11-80034, ECF Nos. 26, 33, 46). Judge Duncan's Orders, from which Appellant seeks to appeal, read, as follows:

> Order on Motion For Rehearing And/Or Motion To Reconsider Order (Doc.No.66). Movant knew the issue at the hearing related to the underlying certificate of service and movant could and should have obtained the necessary evidence prior to the hearing. A desire to investigate past happenings is not a basis for relief under either Rule 9023 or 9024. Motion is denied. AND IT IS SO ORDERED. Signed by: Judge David Duncan, US Bankruptcy Court - District of South Carolina (related document(s)78). (Duncan, David R.) (Entered: 09/13/2012).
>
> Order on Motion to Dismiss Amended Complaint. Defendant misapprehends the nature of the complaint, which is not litigation of the underlying cause of action but rather a determination of dischargeability of a debt, whatever it is. Defendant may assert the absence of a debt in his answer, which remains due thirty days from the entry of the August 31, 2012 order despite this or any other motion that may be filed. Motion is denied. AND IT IS SO ORDERED. Signed by: Judge David Duncan, US Bankruptcy Court - District of South Carolina (related document(s)79). (Duncan, David R.) (Entered: 09/13/2012).

C/A No. 11-80034, ECF Nos. 82, 83.

Appellant's notice of appeal is dated September 14, 2012 and was docketed in the Bankruptcy Court on September 17, 2012 (C/A No. 12-80034, ECF No. 95). Appellant paid the $298 appeal filing fee on the same date (C/A No. 12-80034, Receipt No. 271303). Appellant's notice of appeal (ECF No. 1) was docketed in this court on November 7, 2012 and the designated record on appeal (ECF Nos. 4, 5) was transmitted from the Bankruptcy Court and docketed in this court on November 9, 2012.

On September 17, 2012, Appellant also filed in the Bankruptcy Court a "Motion to Stay Pending Appeal" (C/A No. 12-80034, ECF No. 93) and a "Motion to Expedite Hearing" (C/A



No. 12-80034, ECF No. 94), requesting that the time for Appellant to respond to Appellees' amended complaint in his Adversarial Proceeding be stayed until his appeal was resolved. Appellant's "Motion to Expedite Hearing" on his Motion to Stay Pending Appeal was granted by the Bankruptcy Court on September 18, 2012 (C/A No. 12-80034, ECF No. 96) and a hearing was held on September 20, 2012. By order dated September 21, 2012 (C/A No. 12-80034, ECF No. 104), Judge Duncan denied Appellant's Motion to Stay Pending Appeal, ruling as follows:

> The Fourth Circuit has stated, "'[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). "In this respect, each adversary proceeding is considered a discrete dispute, and thus, finality in an adversary proceeding is typically contingent upon a proceeding coming to a close." *First Owners' Ass'n of Forty Six Hundred v. Gordon Props., LLC*, 470 B.R. 364, 369 (E.D. Va. 2012) (finding that order granting injunctive relief in an adversary proceeding for willful violation of the automatic stay was not a final order because the plaintiff's complaint also requested damages and therefore the order did not finally resolve a discrete dispute). In other words, to be a final order, the order must completely conclude the litigation. *See In re Daufuskie Island Props., Inc.*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987)) ("Final orders are those that resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of the parties."). *See also Catlin v. United States*, 324 U.S. 229, 233 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (citing *St. Louis I.M. & S.R.R. v. Southern Express Co.*, 108 U.S. 24, 28 (1883)); 10A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2715 (3d ed. 2012) (discussing summary judgment motions and stating that "an appeal of a decision on a Rule 56 motion is available only if the trial court's determination has the effect of completely disposing of the action.").
>
> In this case, the Order Denying Motion to Strike Amended Complaint and False Certificate of Service is not a final order because it did not resolve the adversary proceeding on the merits. In fact, it did the opposite, as it denied Mr. Davis's request to dismiss the adversary proceeding and allowed the litigation to continue. The Order on Motion for Rehearing and/or Motion to Reconsider likewise is not a final order. *See In re Daufuskie Island Props., LLC*, 441 B.R. at 55–56 ("An order on a motion to reconsider an interlocutory order does not convert an otherwise nonappealable order into an appealable one."); *In re Fort Defiance Hous. Corp.*, No. CV



09-02280-PHX-JAT, 2010 WL 1195889, at *1 (D. Ariz. 2010) ("If the bankruptcy court declines to entertain or grant a Rule 60(b) motion, that order is interlocutory and not a final determination on the merits.") (citing *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000)). Both Orders Mr. Davis seeks to appeal are interlocutory orders; as a result, Mr. Davis cannot appeal those orders as a matter of right, but instead must apply to the District Court, which has discretion over whether to grant leave to appeal. 28 U.S.C. § 158 ("The district courts of the United States shall have jurisdiction to hear appeals . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.").

The standard for considering a request for a stay pending appeal is the same standard that governs a request for a preliminary injunction. *See In re Forest Grove, LLC*, 448 B.R. 729, 743 (Bankr. D.S.C. 2011). In the Fourth Circuit, the standard for granting a preliminary injunction was set forth in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds by 130 S. Ct. 2371 (2010). In *Real Truth About Obama*, the court stated that the previous standard set forth in Blackwelder should no longer be used and instead, that the test set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) should be used in considering a request for a preliminary injunction. The *Winter* test sets forth four requirements, all of which must be satisfied. In order to establish that he is entitled to a preliminary injunction under *Winter*, the plaintiff must establish:

1. that he is likely to succeed on the merits,
2. that he is likely to suffer irreparable harm in the absence of preliminary relief,
3. that the balance of equities tips in his favor,
4. that an injunction is in the public interest.

*Winter*, 555 U.S. at 20.

Further, at least one court has stated, "Where, as here, the order being appealed is interlocutory, the relevant 'likelihood of success' looks to whether 'the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal." *In re Frascella Enters., Inc.*, 388 B.R. 619, 623 (Bankr. E.D. Pa. 2008). An interlocutory appeal is allowed when "a controlling question of law [is involved,] as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Rood*, 426 B.R. 538, 538 (D. Md. 2010) (citing *Atl. Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996)) (stating that district court may employ an analysis under 28 U.S.C. § 1292(b) when deciding whether to grant leave to appeal an interlocutory order of the bankruptcy court). All three requirements must be satisfied in order for the district court to grant leave to appeal an interlocutory order. *Rood*, 426



B.R. at 548.  A controlling question of law exists if "'"either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation."'"  *Prologo v. Flagstar Bank*, FSB, 471 B.R. 115, 129–30 (D. Md. 2012) (quoting *In re Rood*, 426 B.R. 538, 547 (D. Md. 2010)).  "Put another way, a controlling question of law is '"a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes."'"  *Prologo*, 471 B.R. at 130 (quoting *Rood*, 426 B.R. at 548).

Defendant's request for stay pending appeal is denied because he has not met his burden of proof.  Defendant has not shown a likelihood of success on the merits, because it is unlikely that the District Court will hear his appeal.  The orders Defendant seeks to appeal were not dispositive in the litigation and do not go to the merits or the substance of the case.  No controlling question of law exists here.  *See Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676–77 (7th Cir. 2000) ("We think [the framers of section 1292(b)] used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest.  The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case."); *In re Qimonda AG*, 470 B.R. 374, 385 (E.D. Va. 2012) ("In applying § 1292(b), courts have often asserted that mixed questions of law and fact or decisions committed to a lower court's discretion are ordinarily not appropriate 'questions of law' for certification."); *In re Avado Brands, Inc.*, No. 3:07-CV-0769-G, 2007 WL 2241660, at *2 (N.D. Tex. Aug. 3, 2007) ("Granting leave to appeal an order concerning primarily issues of fact is inappropriate for purposes of interlocutory appeal. . . . A controlling question of law arises 'only if it may contribute to the determination, at an early stage, of a wide spectrum of cases.'") (citations omitted).  Because Defendant has not met the standard for an interlocutory appeal, Defendant has not shown that he is likely to succeed on the merits.  Defendant has not met the criteria for a stay pending appeal.

C/A No. 12-80034, ECF No. 104.

## APPLICABLE LAW AND ANALYSIS

Under Title 28, United States Code, Section 158(a), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of Bankruptcy Courts.  On appeal from the Bankruptcy Court, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, while it reviews the conclusions of law de novo.  *Devan v.*



*Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enterprises, Inc.)*, 400 F.3d 219, 224 (4th Cir.2005); *Kielisch v. Educ. Credit Mgmt. Copr.*, 258 F.3d 315, 319 (4th Cir. 2001). The District Court may affirm, modify, or reverse a Bankruptcy Judge's order, or remand with instructions for further proceedings. *See* Rule 8013, Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.").

The undersigned has reviewed the record on appeal from the Bankruptcy Court and finds no clear error in the findings of fact below, and after a de novo review of the Bankruptcy Court's conclusions of law, the undersigned also agrees with the legal conclusions set forth in the Bankruptcy Court's orders, as noted above. Judge Duncan correctly determined that the Bankruptcy Court's Order on Motion for Rehearing and/or Motion to Reconsider, and its Order Denying Motion to Strike Amended Complaint and False Certificate of Service, were not final orders because they did not resolve the adversary proceeding on the merits. In fact, as Judge Duncan observed, these orders did the opposite, as they denied Appellant's request to dismiss the adversary proceeding and allowed the litigation to continue in the Bankruptcy Court. Both Orders that Appellant seeks to appeal are therefore interlocutory orders. Appellant cannot appeal these orders as a matter of right, but instead must apply to this Court, which has discretion over whether to grant leave to appeal. See 28 U.S.C. § 158 ("The district courts of the United States shall have jurisdiction to hear appeals . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.").

In this case, Appellant did not contemporaneously file a motion for leave to appeal with his Notice of Appeal as required by Fed. R. Bankr. P. 8001(b). Consequently, this Court should construe Appellant's Notice of Appeal as a motion for leave to appeal an interlocutory order of the Bankruptcy Court. *See* Fed. R. Bankr. P. 8003(c) ("if a required motion for leave to appeal is not



filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal."). Appellant's motion for leave to appeal should be denied because, as cogently analyzed by the Bankruptcy Court in its Order Denying Motion For Stay Pending Appeal, Appellant fails to meet the three-part test for determining when an interlocutory appeal should be granted. *See* 28 U.S.C. § 1292(b); *In re Rood*, 426 B.R. 538, 538 (D. Md. 2010) (citing *Atl. Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996)); *Prologo v. Flagstar Bank*, FSB, 471 B.R. 115, 129–30 (D. Md. 2012) (quoting *In re Rood*, 426 B.R. 538, 547 (D. Md. 2010)). As noted above, all three requirements must be satisfied in order for the district court to grant leave to appeal an interlocutory order, and here the Bankruptcy Court's orders which Appellant seeks to appeal involve no controlling question of law as to which there is a substantial ground for a difference of opinion.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is recommended that Appellant's Notice of Appeal be considered a motion for leave to appeal, and, as such, that it be denied. Appellant's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 16, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

