IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ronald Jefferson Davis, Jr., | ) | |
| | ) | C/A No. 2:12-3208-RMG |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Andrew Taylor and Naomi Taylor, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending this Court deny Appellant Ronald Jefferson Davis, Jr.'s (Mr. Davis) notice of appeal. For the reasons set forth below, the Court agrees with and adopts the R&R of the Magistrate.

**Background**

This is a *pro se* appeal from two September 13, 2012 orders entered by United States Bankruptcy Judge David R. Duncan in an adversarial proceeding in Mr. Davis's Chapter 7 bankruptcy case. On that day, Judge Duncan issued an order denying Mr. Davis's "Motion for Rehearing and/or Motion to Reconsider Order" and an order denying Mr. Davis's "Motion to Dismiss Complaint." Mr. Davis then filed a notice of appeal in the Bankruptcy Court on September 17, 2012 regarding those two orders. The notice of appeal was then docketed in this Court on November 7, 2012. (Dkt. No. 1). The Magistrate then filed a R&R on November 16, 2012 recommending this Court deny the notice of appeal. (Dkt. No. 21). Mr. Davis then filed timely objections to the R&R. (Dkt. No. 14).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 158(a), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of Bankruptcy Courts. On appeal, the district court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error, while it reviews the conclusions of law de novo. *In re Kielish*, 258 F.3d 315, 319 (4th Cir. 2001). The district court may affirm, modify, or reverse a Bankruptcy Judge's order, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.

**Discussion**

In his R&R, the Magistrate found this appeal was from two interlocutory orders because the orders did not resolve the adversary proceeding on the merits. However, Mr. Davis did not file a motion for leave to appeal with his notice of appeal as required by Rule 8001(b) of the Federal Rules of Bankruptcy Procedure. Therefore, the Magistrate construed Mr. Davis's notice of appeal as a motion for leave to appeal an interlocutory order pursuant to Rule 8003(c) of the Federal Rules of Bankruptcy Procedure. The Magistrate correctly noted this Court's discretion to hear such appeals pursuant 28 U.S.C. § 158, and properly found that Mr. Davis did not satisfy

the three-part test for determining when an interlocutory appeal should be granted. *See* 28 U.S.C. § 1292(b); *In re Rood*, 426 B.R. 538, 548 (D. Md. 2010).

Mr. Davis agrees that his appeal is interlocutory and does not argue that it should be heard now by this Court. Instead, Mr. Davis requests that this Court note that his right to appeal the September 13, 2012 orders is preserved and requests that he not be charged another filing fee should he subsequently appeal following a final judgment. (Dkt. No. 14). Mr. Davis' right to file a subsequent appeal regarding the September 13, 2012 orders is not affected by this order. *See In re Tex. Instruments*, 844 F.2d 1142, 1156 (5th Cir. 1988) (holding final order is appealable even if interlocutory appeal is not obtained). However, Mr. Davis's failure to satisfy the requirements for this Court to hear this interlocutory appeal does not exempt him from paying another filing fee should he decide to appeal a final judgment of the Bankruptcy Court.

## Conclusion

Based on the reasoning above, the Court agrees with and adopts the R&R as the order of the Court. Mr. Davis's notice of appeal (Dkt. No. 1) is therefore DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 5, 2012
Charleston, South Carolina